**Gurjit SINGH, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74256.

United States Court of Appeals, Ninth Circuit.

Submitted March 24, 2005.*

July 28, 2005.

Judith Lott, Newark, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Hillel Smith, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurjit Singh, a native and citizen of India, petitions for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the denial of his asylum application by an Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). There was substantial evidence to support the IJ's conclusion that Singh was not credible, and we deny the petition for review.[1]

■ Because the BIA affirmed without opinion, we review the opinion of the IJ. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). We give great deference to an IJ's credibility finding, affirming if there is a legitimate reason to question the applicant's credibility and if the IJ gives a specific and cogent reason for disbelieving

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not consider the BIA's denial of Singh's applications for withholding of removal and relief under the Convention Against Torture, because Singh did not raise these issues in his brief to this court.

his or her testimony. *See Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003).

The IJ gave a number of specific and cogent reasons for concluding that Singh was not credible. He found Singh's various explanations for his family's decision to harbor his cousin inconsistent. The IJ also found it implausible that Singh's parents would take his cousin in without understanding the risk; that his cousin would continue his activities at the gurdwara (temple); that the police were not interested in Singh's parents; and that the authorities in 1995 would trouble themselves with a general member of a legal political party. He further found it implausible that Singh would have received his passport without a problem if he had had an arrest record. These were not minor inconsistencies. Further, the IJ considered the documentary evidence and found it not strong enough to overcome the weaknesses in Singh's testimony. *See Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir.2003) (inconsistencies undermining allegations of persecution are sufficient for adverse credibility finding, and documentary evidence must be strong to overcome doubts about testimony). There was substantial evidence to support the IJ's credibility determination and his denial of Singh's request for asylum and for withholding of removal.

**PETITION FOR REVIEW DENIED.**